UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

U.S. BANK NATIONAL ASSOCIATION, as trustee for Lehman XS Trust Mortgage Pass-Through Certificates, Series 2006-18N,

        Plaintiff,

   v.

DARYL C. CHANG, SR.,

        Defendant.

No. 2:19-cv-02231-KJM-AC

ORDER

On November 5, 2019, defendant Daryl C. Chang, Sr., proceeding pro se, removed this unlawful detainer action from San Joaquin County Superior Court to this court. Not. of Removal, ECF No. 1. Chang also filed a motion to proceed in forma pauperis. ECF No. 2. As explained below, this matter is REMANDED to San Joaquin County Superior Court and the motion to proceed in forma pauperis is DENIED as moot.

I.    SUBJECT MATTER JURISDICTION

When a case "of which the district courts of the United States have original jurisdiction" is initially brought in state court, a defendant may remove it to federal court. 28 U.S.C. § 1441(a). Primarily, there are two bases for federal subject matter jurisdiction: (1)

1

federal question jurisdiction under 28 U.S.C. § 1331, and (2) diversity jurisdiction under 28 U.S.C. § 1332.

District courts have federal question jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. Under the longstanding well-pleaded complaint rule, a suit "arises under" federal law "only when the plaintiff's statement of his own cause of action shows that it is based upon [federal law]." *Louisville & Nashville R. Co. v. Mottley*, 211 U.S. 149, 152 (1908). Federal question jurisdiction cannot rest upon an actual or anticipated defense or counterclaim. *Vaden v. Discover Bank*, 556 U.S. 49, 60 (2009). In other words, it is the plaintiff's assertions in the complaint, not defendant's assertions in response to the complaint, that form the ground upon which federal question jurisdiction stands. *See Holmes Grp., Inc. v. Vornado Air Circulation Sys., Inc.*, 535 U.S. 826, 831 (2002) ("[S]ince the plaintiff is the master of the complaint, the well-pleaded-complaint rule enables him, by eschewing claims based on federal law, . . . to have the cause heard in state court.") (some alterations in original) (citations and internal quotations omitted).

Alternatively, diversity jurisdiction exists where the amount in controversy exceeds $75,000 and the parties are in complete diversity. 28 U.S.C. § 1332. "Where it is not facially evident from the complaint that more than $75,000 is in controversy, the removing party must prove, by a preponderance of the evidence, that the amount in controversy meets the jurisdictional threshold." *Matheson v. Progressive Specialty Ins. Co.*, 319 F.3d 1089, 1090 (9th Cir. 2003) (per curiam).

A federal district court may remand a case sua sponte where it is readily apparent no federal subject matter jurisdiction exists. *See* 28 U.S.C. § 1447(c) ("If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded."); *Enrich v. Touche Ross & Co.*, 846 F.2d 1190, 1195 (9th Cir. 1988) (citing *Wilson v. Republic Iron & Steel Co.*, 257 U.S. 92, 97 (1921)).

///

///

///

## II. DISCUSSION

Chang's notice of removal asks the court to "recognize that Plaintiffs are in violation of 12 USC § 3708, Implementing Regulation, § 1.1-1, Title 24 C.F.R. 220.814." Not. of Removal at 2.[1] Although not explicitly stated, it appears Chang is attempting to invoke federal question jurisdiction under 28 U.S.C. § 1331 by alleging a violation of federal law. Plaintiff's complaint, however, provides no basis for federal question jurisdiction because it invokes no federal law giving rise to a federal cause of action, nor does it assert a right to relief requiring resolution of a question of federal law. *See K2 Am. Corp. v. Roland Oil & Gas, LLC*, 653 F.3d 1024, 1029 (9th Cir. 2011).

The state-court complaint brings an unlawful detainer action seeking damages for the period Chang remains in the subject property after plaintiff obtained title through a valid trustee's sale. Not. of Removal at 10. An unlawful detainer action does not create federal question jurisdiction. *Petaluma Theatre Square, LLC v. Hirsch*, No. 19-CV-00026-LB, 2019 WL 1171162, at *1 (N.D. Cal. Feb. 25, 2019), *report and recommendation adopted*, No. 19-CV-00026-JST, 2019 WL 1168538 (N.D. Cal. Mar. 13, 2019). Nor does the fact Chang alludes to questions of federal law in his removal papers. Not. of Removal at 2; *see Duncan v. Stuetzle*, 76 F.3d 1480, 1485 (9th Cir. 1996) ("An action filed in state court may be removed only if the district court could have exercised jurisdiction over the action if originally filed there.").

Additionally, although defendant makes no assertion that diversity creates jurisdiction here, to the extent such an argument is implied, diversity is also lacking. As explained, diversity jurisdiction requires both diversity of citizenship and an amount in controversy exceeding $75,000. 28 U.S.C. § 1332. The court need not reach the question of citizenship because the complaint fails to satisfy the $75,000 amount-in-controversy threshold, and Chang does not show otherwise. *See Matheson*, 319 F.3d at 1090. The complaint characterizes this action as a "limited" civil case, demanding less than $10,000 in recovery. Not.

---

[1] Pin cites refer to ECF pagination, not internal document pagination.

of Removal at 10, 22.  Chang's removal papers do not dispute the value of the recovery sought. *See generally id.*

Finally, it is worth noting this is Chang's fourth attempt to remove an unlawful detainer action to this court within the last eleven months.  *See U.S. Bank Nat'l Ass'n v. Chang,* 2:19-cv-00094-TLN-DB (E.D. Cal. Jan. 17, 2019) (remanding for lack of subject-matter jurisdiction); *US Bank Nat'l Ass'n as Trustee v. Chang*, 2:19-cv-00820-TLN-DB (E.D. Cal. June 24, 2019) (same); *US Bank Nat'l Ass'n as Trustee v. Chang*, 2:19-cv-01280-JAM-KJN (E.D. Cal. July, 11, 2019) (same).

Because federal question and diversity jurisdiction do not exist, the court must remand the case to the San Joaquin County Superior Court from which it came.

III. CONCLUSION

For the foregoing reasons, the court REMANDS this case to San Joaquin County Superior Court.  The motion to proceed in forma pauperis, ECF No. 2, is DENIED as moot.

IT IS SO ORDERED.

DATED: November 15, 2019.

_____
UNITED STATES DISTRICT JUDGE